1
2
3
4
5                      UNITED STATES DISTRICT COURT

6                      EASTERN DISTRICT OF WASHINGTON

7    ARI HEISKANEN,                    )
                                       )    NO.     CV-12-03063-WFN
8                    Plaintiff,        )
                                       )
9         -vs-                         )    ORDER GRANTING DEFENDANT'S
                                       )    MOTION FOR SUMMARY
10   CAROLYN W. COLVIN, Commissioner   )    JUDGMENT
     of Social Security,[1]            )
11                                     )
                     Defendant.        )
12   ─────────────────────────────────)

13        Before the Court are cross-Motions for Summary Judgment (ECF Nos. 16 and 20).

14   Attorney D. James Tree represents Plaintiff.  Special Assistant United States Attorney

15   Matthew W. Pile represents Defendant.   After reviewing the administrative record and the

16   briefs filed by the parties, the Court **denies** Plaintiff's Motion for Summary Judgment, and

17   **grants** Defendant's Motion for Summary Judgment.

18                              **JURISDICTION**

19        Plaintiff protectively applied for disability insurance and supplemental security income

20   benefits on October 5, 2007, alleging disability beginning on July 1, 2003, due to a

21   combination of impairments including shoulder injuries, posttraumatic stress disorder

22   ─────────────────────────

23        [1]   Carolyn W. Colvin became the Acting Commissioner of Social Security on

24   February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn

25   W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action

26   need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

1  (PTSD), depressive disorder, and anxiety.  The Commissioner denied the applications

2  initially and on reconsideration.

3      A hearing was held before Administrative Law Judge (ALJ) Catherine Lazuran on

4  September 8, 2010.  During the hearing Plaintiff, represented by counsel, testified as did

5  David R. Rullman, M.D., an impartial medical expert, and Patricia B. Ayerza, an impartial

6  vocational expert (VE).  The ALJ issued a decision on October 8, 2010, finding Plaintiff

7  not disabled.  The Appeals Council denied Plaintiff's request for review, making the

8  ALJ's decision the final decision of the Commissioner.  Pursuant to 42 U.S.C. § 405(g), this

9  final decision is appealable to the district court.  Plaintiff sought judicial review on April 23,

10  2012.

11                              **STATEMENT OF FACTS**

12      The facts of the case are set forth in detail in the transcript of the proceedings and are

13  briefly summarized here.  Plaintiff was 42 years old at the time he filed his applications.

14  Plaintiff has a high school education and received vocational training in the Marines.  (Tr.

15  at 39.)  Plaintiff served in the Marines for over 20 years as a jet mechanic and in an

16  administrative capacity. (Tr. at 68.) Multiple entries in the record state that Plaintiff received

17  a bachelor's degree in business, Tr. at 440, 449, 465, 493, but Plaintiff denies attending

18  college, Tr. at 39.  Plaintiff also worked as a cement finisher, a commercial fisherman, and

19  at UHaul where he installed tow bars and worked in customer service.  (Tr. at 72, 227.)

20  Plaintiff alleges that a combination of impairments—including shoulder injuries, PTSD,

21  depressive disorder, and anxiety—has prevented him from sustaining competitive

22  employment since July 1, 2003.  Although unable to work, Plaintiff admitted that he was

23  able to perform light household chores such as vacuuming, taking out the trash, and washing

24  dishes.  (Tr. at 46.)   Plaintiff also testified that he occasionally hiked, camped, hunted,

25  fished, and played lawn games.  (Tr. at 47-48). Some evidence suggests, however, that such

26  activities were becoming increasingly difficult and painful for Plaintiff (Tr. at 50, 193).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 2

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform.  *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004).   If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ADMINISTRATIVE DECISION

At step one, the ALJ determined that Plaintiff did not engage in substantial activity since July 1, 2003.

At step two, the ALJ found that Plaintiff had severe impairments of left shoulder degenerative joint disease and history of surgery and right shoulder history of degenerative joint disease (20 C.F.R. §§ 404.1520(c) & 416.920(c)).  The ALJ concluded that Plaintiff had no severe psychiatric conditions.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments described at 20 C.F.R. Part 404, Subpart P, Appendix 1(20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 3

At step four, the ALJ found that Plaintiff had the residual functional capacity to (1) lift 25 pounds occasionally and 10 pounds frequently, and (2) stand and walk 6 hours out of an 8-hour day and sit 6 hours of an 8-hour day. The ALJ found that Plaintiff could do little or no lifting or reaching of the arms above mid-chest level. The ALJ also found that Plaintiff should not crawl or climb ladders, ropes, or scaffolds. The ALJ went on to conclude that Plaintiff was unable to perform any past relevant work.

At step five, the ALJ concluded that, given Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including working as a booth cashier or mail clerk.

## STANDARD OF REVIEW

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett*, [180 F.3d at 1097]. Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).

> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 4

court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ISSUES

The Plaintiff presents the following issues with respect to the ALJ's findings:

1.   At step two, did the ALJ err in finding that Plaintiff did not suffer from severe mental impairments?

2.   At step four, did the ALJ err by rejecting the opinions of Plaintiff's treating and examining medical providers?

3.   At step four, did the ALJ err by discounting Plaintiff's credibility?

4.   At step five, did the ALJ err by relying on the VE's response to an incomplete hypothetical?

## DISCUSSION

**1.   At step two, did the ALJ err in finding that Plaintiff did not suffer from severe mental impairments?**

At step two, the ALJ found that Plaintiff had "no severe psychiatric condition." (Tr. at 19.) Plaintiff argues that the ALJ erred in her step two analysis by rejecting the opinions of two of Plaintiff's treating therapists. The Court disagrees that the ALJ erred at step two because the ALJ provided a germane reason for rejecting the opinions of Plaintiff's therapists.

The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An impairment is "not

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 5

severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (internal quotation marks omitted).

The administrative record in this case contains opinions of two of Plaintiff's treating therapists—Steven Woolpert, MS/MHP, and Carol Jurs, CDMHP—opining that Plaintiff suffered from psychiatric disorders that significantly affected his ability to work. The ALJ rejected the opinions of Mr. Woolpert and Ms. Jurs because they were not acceptable medical sources. The ALJ gave greater weight to the "more thorough evaluation" performed by psychologist Colin R. Joseph, Ph.D., in which Dr. Joseph concluded that Plaintiff did not meet the criteria for PTSD, depression, or other psychiatric impairment.

Generally, the ALJ should give more weight to the opinion of an acceptable medial source than to the opinion of an "other source," such as a therapist. 20 C.F.R. § 404.1513(d). An ALJ is required, however, to consider evidence from "other sources," 20 C.F.R. §§ 404.1513(d), 416.913(d); S.S.R. 06-03p, "as to how an impairment affects a claimant's ability to work," *Sprague*, 812 F.2d at 1232. An ALJ must give "germane" reasons to discount evidence from "other sources." *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993). Germane reasons to discount an opinion include contradictory opinions and lack of support in the record. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

In this case, the ALJ rejected Mr. Woolpert's and Ms. Jurs' opinions but provided a germane reason for doing so, i.e., their opinions were contradicted by Dr. Joseph. Plaintiff correctly points out that his therapists opined that he suffered from various psychiatric disorders that effected his ability to work. Mr. Woolpert diagnosed Plaintiff with "major depressive disorder" and "moderate anxiety disorder." (Tr. at 301.) Mr. Woolpert noted that

1    although Plaintiff " had positive work experience[s] w[ith] co-workers [and] public in the

2    past," his "severe physical problems" and "re-occurring anxiety/depression symptoms" have

3    caused a decline in "social [and] functioning levels." (Tr. at 302.)  Ms. Jurs diagnosed

4    Plaintiff with PTSD, noting that Plaintiff exhibited "severe" expressions of anxiety, fear, and

5    anger (Tr. at 422), and that Plaintiff's "[m]ental issues . . . interfere[d]" with his ability to

6    work (Tr. at 425).  On other occasions, Ms. Jurs noted that Plaintiff's PTSD symptoms

7    "impaired" his "social factors" (Tr. at 480-81), "interrupts his daily functioning in an

8    unpredictable manner," and "severely impairs his ability to function 'normally,'" (Tr. at 547).

9         Dr. Joseph's opinion, however, contradicts the opinions of Mr. Woolpert and Ms. Jurs.

10   In evaluating Plaintiff, Dr. Joseph concluded that Plaintiff's symptoms "do not meet criteria

11   for PTSD or depressions" and opined that there was no reason why Plaintiff's "irritability or

12   occasional depressed mood would interfere with his ability to work." (Tr. at 450.)

13        Because Mr. Woolpert and Ms. Jurs are considered "other sources"—rather than

14   "acceptable medical sources"—the ALJ was free to reject their opinions so long as she

15   provided "germane" reasons for doing so. The ALJ's reliance on the contradictory opinion

16   of Dr. Joseph was a germane reason for rejecting the opinions of Plaintiff's therapists.

17   Because the ALJ applied the proper legal standard for rejecting the opinions of Plaintiff's

18   therapists, there was no evidence to show that Plaintiff's psychiatric impairments established

19   more than "a slight abnormality"  that minimally effects Plaintiff's ability to work." *Smolen*,

20   80 F.3d at 1279. The ALJ did not err at step two.

21        **2.  At step four, did the ALJ err by rejecting the opinions of Plaintiff's treating**

22   **and examining medical providers?**

23        Plaintiff argues that the ALJ improperly rejected the opinions of three treating and

24   examining physicians—Dr. Zuck, Dr. Bothamley, and Dr. Smith. The Court disagrees

25   because the ALJ gave specific and legitimate reasons for rejecting the opinions of Drs. Zuck,

26   Bothamley, and Smith.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 7

1      An ALJ must review the medical record and cite valid reasons for rejecting a doctor's

2  opinion when determining function limitations. The ALJ should give more weight to the

3  opinion of a treating physician than to the opinion of physicians who did not treat the

4  claimant. *Orn v. Astrue,* 495 F.3d 625, 631 (9th Cir. 2007) (citing 20 C.F.R. §

5  404.1527(c)(1)). When the treating doctor's opinion is not contradicted by another doctor,

6  the ALJ may reject the treating doctor's opinion only for "clear and convincing" reasons.

7  *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991) (quoting *Davis v. Heckler*, 868 F.2d

8  323, 326 (9th Cir. 1989)). When the treating doctor's opinion is contradicted by another

9  doctor, the ALJ may not reject the treating doctor's opinions without "specific and legitimate

10  reasons" supported by substantial evidence in the record. *Murray v. Heckler*, 722 F.2d 499,

11  502 (9th Cir. 1983). In this case, the testimony of Dr. Rullman, the impartial medical expert,

12  contradicts the opinions of Plaintiff's treating and examining physicians. Thus, the ALJ was

13  required only to provide "specific and legitimate" reasons for rejecting the opinions of

14  Plaintiff's treating and examining physicians.

15      **a.**    **Dr. Zuck**

16      Plaintiff points out that Dr. Zuck, a treating physician, opined that Plaintiff is

17  limited to "sedentary" work (Tr. at 296), would have to lie down during the day

18  "occasionally" (Tr. at 548), and would have to miss at least four days of work per month

19  (Tr. at 549). The ALJ considered Dr. Zuck's opinions but ultimately rejected them for

20  several reasons.

21      First, the ALJ noted internal inconsistencies between Dr. Zuck's treatment notes and

22  his assessments of Plaintiff's limitations. For example, as pointed out by Defendant, Dr.

23  Zuck's opinion that Plaintiff would miss four or more days of work per month (Tr. at 549)

24  is contradicted by Dr. Zuck's opinion a year earlier that Plaintiff would not miss any work

25  due to his medical impairments (Tr. at 473). Another example is when Dr. Zuck described

26  Plaintiff as having "doing fine" (Tr. at 518), yet also concluded that Plaintiff had serious

1   physical limitations (Tr. at 473).  Furthermore, the ALJ noted Dr. Zuck's claim that Plaintiff

2   was limited to sedentary work was not consistent with his treatment notes that medication

3   alleviates Plaintiff's pain. In an April 2007 visit, Dr. Zuck noted that Plaintiff got "prompt

4   relief of his shoulder pain" by medication. (Tr. at 398.) To the extent Dr. Zuck's opinions are

5   internally inconsistent, the ALJ reasonably resolved the ambiguities.

6           Second, the ALJ points out that Dr. Zuck's treatment notes assess limitations that are

7   inconsistent with Plaintiff's activities such as hiking, hunting, and fishing. There is

8   substantial evidence in the record that Plaintiff led an "active lifestyle" even if such activities

9   were becoming increasingly difficult for Plaintiff. (*See*, *e.g.*, Tr. at 47-48.)  It is true that

10   "[o]ne does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*,

11   260 F.3d 1044 (9th Cir. 2001) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

12   But to the extent that Plaintiff's lifestyle conflicts with Dr. Zuck's assessments, the ALJ must

13   resolve the ambiguities. In this case, the ALJ reasonably concluded that Dr. Zuck's opinions

14   should be given little weight because his opinions were inconsistent with the activities

15   Plaintiff claimed he could perform.

16           Third, the ALJ reasoned that Dr. Zuck's opinions should be given little weight because

17   the testimony of medical expert Dr. Rullman contradicted Dr. Zuck's opinions. Dr. Rullman

18   acknowledged that Plaintiff has "significant and severe impairments in the use of his

19   shoulders." (Tr. at 57.) Dr. Rullman concluded, however, that Plaintiff was still capable of

20   "a lot of things," including "sedentary activity." (Tr. at 59.) In discussing Dr. Zuck's

21   treatment notes, Dr. Rullman commented that he "interpreted [Dr. Zuck's] responses to mean

22   that [Dr. Zuck] would say that [Plaintiff] is unable to work in any capacity." (Tr. at 61.) But

23   Dr. Rullman went on to state that "the problem is that there's no reporting in the record of

24   what the evidence for that conclusion is." (*Id.*) An ALJ does not err by rejecting the opinion

25   of a treating physician, "based *in part* on the testimony of a nontreating, nonexamining

26   medical advisor." *Morgan*, 169 F.3d at 602. The ALJ's reliance on Dr. Rullman's testimony

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 9

1   is another reason (but not the only reason) for why the ALJ properly accorded little weight

2   to Dr. Zuck's opinions.

3        In sum, the ALJ rejected Dr. Zuck's opinions by noting (1) internal inconsistencies

4   in Dr. Zuck's treatment records, (2) contradictions between Plaintiff's activities and his

5   claimed limitations, and (3) contradictions between the opinions of Dr. Zuck and Dr.

6   Rullman.  The ALJ provided sufficient "specific and legitimate" reasons for rejecting Dr.

7   Zuck's opinions.

8        **b.    Dr. Bothamley and Dr. Smith**

9        Dr. Bothamley, an evaluating physician, opined that Plaintiff was limited to sedentary

10  work and has limited ability to lift, handle, carry, balance, bend, pull, push, and reach. (Tr.

11  at 309.) Dr. Smith, an evaluating physician, also limited Plaintiff to sedentary work and

12  assessed that he had marked inability to lift, handle, and carry, and had restricted ability to

13  climb, handle, push, and reach. (Tr. at 278.)  The ALJ rejected Dr. Bothamley's and Dr.

14  Smith's opinion because their opinions were "not consistent with the treatment records or the

15  [Plaintiff's] active lifestyle." (Tr. at 22.) As Defendant points out, the functional limitations

16  assessed by Drs. Bothamley and Smith are inconsistent with Dr. Rullman's testimony as well

17  as Dr. Zuck's treatment notes. (ECF No. 20 at 14-15.) Inconsistency with other treatment

18  records is a specific and legitimate reason for rejecting testimony because the ALJ has

19  authority to resolve ambiguities. Furthermore, as discussed above, there is substantial

20  evidence that Plaintiff engaged in an active lifestyle despite his alleged impairments.  The

21  ALJ provided specific and legitimate reasons for rejecting Dr. Bothamley's and Dr. Smith's

22  opinions.

23       **3. At step four, did the ALJ err by discounting Plaintiff's credibility?**

24       Plaintiff argues that the ALJ erred by not providing clear and convincing reasons for

25  rejecting Plaintiff's subjective complaints.  The Court disagrees because the ALJ gave

26  specific, clear, and convincing reasons for discounting Plaintiff's credibility.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 10

1    It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at
2  1039.  "To determine whether the claimant's testimony regarding the severity of her
3  symptoms is credible, the ALJ may consider, for example: (1) ordinary techniques of
4  credibility evaluation, such as the claimant's reputation for lying, prior inconsistent
5  statements concerning the symptoms, and other testimony by the claimant that appears less
6  than candid; (2) unexplained or inadequately explained failure to seek treatment or to
7  follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*,
8  80 F.3d at 1284.  Absent affirmative evidence showing that the claimant is malingering, the
9  ALJ must provide "specific, clear and convincing" reasons for rejecting the claimant's
10 testimony about the severity of the symptoms.  *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th
11 Cir. 2012).

12   In this case, the ALJ found that Plaintiff was not credible for multiple reasons. (Tr. at
13 23.)  The ALJ noted that, despite Plaintiff's subjective complaints, the treatment records and
14 Plaintiff's admissions indicated that Plaintiff was able to perform "lighter types of activities,"
15 such as household chores, outdoor recreation, walking, and traveling.  (*Id.*)  These findings
16 are supported by substantial evidence in the record.  Inconsistencies in a disability claimant's
17 testimony supports a decision by the ALJ that a claimant lacks credibility with respect to her
18 claim of disabling pain. *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1986); *see also Fair*
19 *v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[I]f, despite his claims of pain, a claimant is
20 able to perform household chores and other activities that involve many of the same physical
21 tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the
22 claimant's pain does not prevent the claimant from working.").

23   The ALJ also noted that Plaintiff did not always comply with his prescribed medical
24 treatment and "tended to use his Vicodin prescription up early." (Tr. at 23.)  This finding
25 is also supported by the record. (Tr. at 524.)    Noncompliance with medical care or
26 unexplained or inadequately explained reasons for failing to seek medical treatment casts

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 11

1  doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair*, 885 F.2d
2  at 603.

3       Finally, the ALJ discounted Plaintiff's credibility because Plaintiff's claim that he was
4  unable to work is contradicted by the fact that he worked for three months in 2005. Although
5  Plaintiff was laid off because "he could not do the mechanical work or lift hitches," the ALJ
6  found that "there [was] no evidence [Plaintiff] would be incapable of lighter types of tasks."
7  (*Id.*)  The ALJ's conclusion that Plaintiff was able to perform lighter types of tasks is
8  supported by substantial evidence in the record.

9       In sum, the ALJ did not err by concluding that Plaintiff's subjective complaints
10 regarding the extent of his functional limitations were not fully credible in this case.

11      **4.** **<u>At step five, did the ALJ err by relying on the VE's response to an incomplete</u>**
12 **<u>hypothetical?</u>**

13      Plaintiff argues that the ALJ's hypothetical "failed to account for the many limitations
14 she improperly rejected, such as the numerous *severe* and *marked* limitations identified by
15 [Plaintiff's] treating doctor and treating therapists." (ECF No. 16 at 20.) The Court disagrees
16 because Plaintiff's argument that the ALJ posed an improper hypothetical is premised on
17 Plaintiff's other arguments that the Court has already rejected.

18      "Hypothetical questions posed to the [VE] must set out all the limitations and
19 restrictions of the particular claimant." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).
20 The testimony of a VE "is valuable only to the extent that it is supported by medical
21 evidence." *Sample v. Schweiker*, 694 F.2d 639, 644 (9th Cir. 1982). The VE's opinion about
22 a claimant's residual functional capacity has no evidentiary value if the assumptions in the
23 hypothetical are not supported by the record. *Embrey*, 849 F.2d at 422. Nonetheless, an ALJ
24 is only required to present the VE with those limitations he finds to be credible and supported
25 by the evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001).

26      In this case, the ALJ asked the VE the following hypothetical:

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 12

1

2

3

4

> I'd like you to assume a person of the claimant's age, education, and past relevant work experience and assume that the person is able to lift 25 to 30 pounds occasionally and 10 frequently; can stand and walk about six of eight hours and sit about six of eight hours; cannot climb a ladder, rope, or scaffold or crawl; can do occasional overhead reaching with the right dominant arm. Could this person do any of the claimant's past relevant work?

5   (Tr. at 80.) The ALJ posed additional hypothetical limitations such as if Plaintiff was limited

6   to lifted 10 pounds occasionally (Tr. at 82) or if Plaintiff had "occasional contact socially

7   with the public and others" (Tr. at 83). Based on her questioning of the VE, the ALJ

8   concluded that although Plaintiff was unable to perform past relevant work (Tr. at 23), but

9   Plaintiff was able to work "light exertion, unskilled jobs" (Tr. at 24).

10         As discussed above, the ALJ applied the proper legal standards in discounting the

11   limitations assessed by  Mr. Woolpert, Ms. Jurs, Dr. Zuck, Dr. Bothamley, and Dr. Smith.

12   The limitations included in the ALJ's hypothetical questioning were supported by the record

13   and substantial medical evidence.  Plaintiff fails to show that the ALJ erred at step five. *See*

14   *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008) (a claimant fails to prove that the

15   ALJ gave an incomplete hypothetical when the claimant simply restates his arguments

16   challenging the ALJ's other findings concerning claimant's limitations).

17                                    **CONCLUSION**

18         Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's

19   decisions is supported by substantial evidence and is not based on legal error. Accordingly,

20         **IT IS ORDERED** that:

21         1.     Defendant's Motion for Summary Judgment, filed April 15, 2013, **ECF No. 20**,

22   is **GRANTED**.

23         2.     Plaintiff's Motion for Summary Judgment, filed February 25, 2013, **ECF No.

24   16**, is **DENIED**.

25         The District Court Executive is directed to file this Order and provide copies to

26   counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 13

1    **DATED** this 19th day of September, 2013.

2

3                                                         s/ Wm. Fremming Nielsen
                                                         WM. FREMMING NIELSEN
4    09-18-13                                  SENIOR UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 14